IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOMINIC YOUNG, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | Case No. 8:22-cv-01057 <br><br> Hon. Theodore D. Chuang |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, files the following Memorandum in Support of its Motion to Dismiss Plaintiff Dominic Young's Amended Complaint, Docket No. 16, for Failure to State a Claim.

## INTRODUCTION

*Pro se* Plaintiff's Amended Complaint represents "a confused and rambling narrative of charges and conclusions" that fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 702 (D. Md. 2017) (citation omitted). In his narrative, Plaintiff asserts six counts that appear to principally rely on the incorrect assumption that his consumer credit report can only be furnished pursuant to his "clear written instruction." *See generally* ECF Doc. 16. Relying on that misguided assumption, Plaintiff alleges that Experian violated his "right to privacy" by furnishing information contained in his consumer report to "other creditors" contrary to his "clear written commands." *See generally id.* Plaintiff's baseless assumption and privacy claim tracks a recent trend of cases that have been dismissed by federal courts. *See, e.g.*, *DeBose v. Experian Info. Sols.*, 2021 WL 3516655, at *1

(M.D. Fla. July 9, 2021) (R. & R.), *adopted by* 2021 WL 3510816, at *1 (M.D. Fla. Aug. 10, 2021); *Pierre v. TransUnion*, 2020 WL 10228977, at *1 (N.D. Ga. Nov. 12, 2020).

Here, as in those cases, Plaintiff's vague, speculative, and conclusory assertions fail to state a claim upon which relief may be granted. Plaintiff's Amended Complaint and numerous attached documents do not identify a single consumer report that was furnished to any entity for any reason, let alone an impermissible one. More generally, it fails to explain how Plaintiff's allegations amount to a legal claim against Experian under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* or any other law. Simply put, Plaintiff's Amended Complaint fails to plausibly plead allegations that state ***any*** cognizable claim against Experian. Accordingly, the Court should dismiss the Amended Complaint, in full, with prejudice.

## PLAINTIFF'S ALLEGATIONS

Plaintiff's original Complaint, filed on September 23, 2021, in the District Court of Maryland for Prince George's County, alleged only that Experian had violated Plaintiff's "rights as a consumer, natural person under the Fair Credit Reporting Act (FCRA)" and his "right to privacy," and that he was "seeking to remedy these violations pursuant to 15 USC 1681n(a)(1)(A)." ECF Doc. 1-1. On April 29, 2022, Experian timely removed Plaintiff's lawsuit to this Court, *see* ECF Doc. 1, and pursuant to this Court's Case Management Order, filed correspondence requesting leave to file a Rule 12 motion. *See* ECF Doc. 9. The Court held a Case Management Conference on May 19, 2022, and issued a subsequent order that Plaintiff file an Amended Complaint. *See* ECF Docs. 12-13.

On June 2, 2022, Plaintiff filed an Amended Complaint purporting to assert six counts[1] against Experian—five alleged violations of the FCRA and one alleged criminal conspiracy. *See* ECF Doc. 16. Plaintiff also attached seven exhibits (A through G) to his Amended Complaint, including his correspondence with Experian and the Consumer Financial Protection Bureau ("CFPB"), as well as an "Affidavit of Truth." *See id.* at 9-10, Exs. A-G.

Plaintiff's Amended Complaint reiterates his allegation of "consumer rights violations under the Fair Credit Reporting Act" due to Experian's alleged "failure to furnish Plaintiff's consumer credit report in accordance with [his] written instruction and failure to respect [his] right to privacy." *See id.* at 1. For instance, Plaintiff's Amended Complaint avers that Experian violated his "right to privacy by the reporting of previous locations and claim items" and contends that the "continuous reporting of the[se] items . . . is causing harm and injury to [him] in the pursuit of new personal and business credit opportunities." *See id.* at 1-2. According to Plaintiff's Amended Complaint, "[o]n June 15th, 2021 and Jul[y] 13th, 2021, . . . [he] gave [Experian] clear written commands on how to furnish the consumer credit report to [himself] and entities"—including "written commands to cease publishing of the false specified items and addresses"—thereby "exercising [his] right to rescind the non-voluntary reporting of the fraudulent facts." *See id.* at 3-4. Plaintiff's Amended Complaint adds that Experian willfully ignored his right to privacy by failing to adhere to his "clear written instruction to remove 2 addresses, 7 accounts, and all inquiries from [his] credit file and report," "furnishing . . . [his] consumer report to [himself] and other creditors," and treating his correspondence as a "dispute." *See id.* at 2-4. Based on these and other allegations, Plaintiff maintains that Experian has "trespass[ed] on [his] consumer credit

---

[1] Plaintiff's Amended Complaint erroneously lists two "Counts 5[s]"—each alleging a violation of a different federal statute. *See* ECF Doc. 16 at 6-8.

rights," has committed numerous violations of the FCRA and other federal statutes, and has done so willfully, entitling him to damages. *See generally id.*

## LEGAL STANDARD

A Rule 12(b)(6) motion dismiss represents "one important mechanism for weeding out meritless claims." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014).  In serving that function, "[a] motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint." *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017).  While the evaluation is "generally limited to a review of the allegations of the complaint itself," the Court may "also consider documents that are explicitly incorporated into the complaint by reference . . . and those attached to the complaint as exhibits." *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016) (citations omitted).

When construing a motion to dismiss, the Court takes the well-pled facts alleged in a plaintiff's complaint as true and draws all reasonable inferences in the non-moving party's favor. *See Birmingham*, 846 F.3d at 92; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  However, the Court may disregard "a legal conclusion couched as a factual allegation," *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), and those "allegations, while not stating ultimate legal conclusions, [that] are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" *See Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 n.5 (2007)).

While *pro se* complaints are "to be liberally construed," *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), one can survive a Rule 12(b)(6) motion to dismiss only when a plaintiff sets forth "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570; *see also Walker v. Trans Union, LLC*, 2017 WL 4786625, at *4 (D. Md. Oct. 24, 2017) (holding

4

"liberal construction does not absolve [plaintiff] from pleading plausible claims"). In other words, after identifying and disregarding the allegations in the complaint that are "not entitled to the assumption of truth," the remaining well-pled "[f]actual allegations must be enough to raise a right to relief above the speculative level.". *See Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 680–81. The well-pled facts must "nudge[e] his claims . . . across the line from conceivable to plausible" to avoid dismissal. *See Iqbal*, 556 U.S. at 680.

"A Rule 12(b)(6) motion to dismiss must be considered in conjunction with Rule 8(a)." *Benford v. Am. Broad. Cos., Inc.*, 502 F. Supp. 1159 (D. Md. 1980); *see also Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To that end, Rule 8(a) "imposes a baseline standard to which all complaints must adhere," that: each complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "each allegation must be simple, concise, and direct" so as to give the defendant "fair notice of the claim being asserted." *Plumhoff*, 286 F. Supp. 3d at 701 (cleaned up). A court may properly dismiss a *pro se* complaint for failure to comply with Rule 8(a) where it is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *See El v. Hollingsworth*, 2017 WL 3531484, at *4 (D. Md. Aug. 17, 2017) (citation omitted). "This Court has not hesitated to require even *pro se* litigants to state their claims in a understandable and efficient manner." *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999); *see also Plumhoff*, 286 F. Supp. 3d at 703-04 (dismissing *pro se* Plaintiff's complaint with prejudice for failure to comply with Rule 8(a)).

## **ARGUMENT**

*Pro se* Plaintiff's Amended Complaint and attached documents do not comply with either Rule 8(a)'s pleading requirements or the *Iqbal-Twombly* plausibility standard. Plaintiff's confusing and incoherent allegations that Experian violated his "right to privacy" by publishing

5

"previous locations and claim items" on his consumer credit report and furnishing his credit report to "other creditors" contrary to his "clear written commands" do not amount to a cognizable claim against Experian under the FCRA or any other law. At least two other federal courts have rejected identical claims as Plaintiff is asserting here. *See, e.g.*, *DeBose*, 2021 WL 3516655, at *2; *Pierre*, 2020 WL 10228977, at *2. Notwithstanding Plaintiff's *pro se* status, his pleadings must comply with the Federal Rules, and this Court "is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *See McCray v. Specialized Loan Servicing*, 2013 WL 1316341, at *3 (D. Md. Mar. 28, 2013) (citation omitted). Plaintiff's Amended Complaint should be dismissed.

1.    <u>Plaintiff's Amended Complaint Fails to Satisfy the Pleading Requirements of Rule 8(a)(2).</u>

Plaintiff's Amended Complaint suffers from an initial, "fundamental flaw: It fails to comply with the bare minimum requirement for all complaints imposed by Rule 8(a)." *See Plumhoff*, 286 F. Supp. 3d at 703 (holding that "the Court need not address the adequacy of the complaint under Rule 12(b)(6)" where it fails to comply with Rule 8(a)). Plaintiff's Amended Complaint requires either the Court or Experian to rewrite Plaintiff's pleading to create essential allegations for him. Plaintiff's burden is not arduous: all that is required is that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Notwithstanding the relatively low bar, Plaintiff's allegations here fall short of what is required.

Plaintiff's Amended Complaint is neither short, nor plain. The allegations are repetitive, conclusory, and lack any comprehensible factual basis showing an entitlement to relief. Despite citing to and quoting numerous federal statutory provisions, Plaintiff does not even provide "a

6

formulaic recitation of the elements of a cause of action" to give Experian clarity of what it is defending against. *See Twombly*, 550 U.S. at 555.  Without such clarity, Experian does not have fair notice to allow it to investigate Plaintiff's claim, frame a responsive pleading, or prepare its defenses.  *See Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 452 (E.D. Va. 2009) ("Rule 8(a)(2)'s pleading requirements, at their core and as interpreted in *Iqbal* and *Twombly,* are intended (at the very least) to ensure fairness to defendants.").  Therefore, Plaintiff's Amended Complaint should be dismissed.

2. <u>Plaintiff's Amended Complaint Fails to Allege Facts Plausibly Entitling Plaintiff to Relief.</u>

Plaintiff's Amended Complaint also fails to satisfy the plausibility standard articulated by the Supreme Court in *Iqbal* and *Twombly*.  Disregarding Plaintiff's vague, speculative, and conclusory allegations, the remaining factual allegations are not "enough to raise a right to belief above the speculative level" or "to state a claim to relief that is plausible on its face."  *Twombly*, 572 F.3d at 180.  "[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief," *Smith v. Soc. Sec. Admin.*, 2017 WL 1230820, at *1 (D. Md. Apr. 4, 2017) (citation omitted), and Plaintiff's Amended Complaint fails to meet that standard.

A. <u>Plaintiff has not alleged sufficient facts to state a claim for relief under the FCRA</u>.

Plaintiff's repetitive, rambling, and incoherent allegations about Experian violating his "right to privacy" and ignoring his "clear written commands on how to furnish [his] consumer credit report" coalesce around counts one and three of his Amended Complaint:  alleged violations of 15 U.S.C. §§ 1681b(a)(2) and 1681e(a) of the FCRA.  *See* ECF Doc. 16 at 2-5.  Section 1681b lists the permissible purposes under which a consumer reporting agency ("CRA"), like Experian, can "furnish a consumer report" to a third party, while § 1681e(a) provides that every CRA "shall maintain reasonable procedures" to avoid furnishing consumer reports in violation of § 1681b.

Plaintiff's reliance on these provisions is misplaced, and his allegations—in addition to failing to state a claim—misstate the requirements of the FCRA.

Plaintiff has not pled sufficient facts to support the basic elements of a § 1681b(a) violation. In order to plead a violation of § 1681b(a), a consumer must allege that: (1) there was a "consumer report"; (2) that the CRA furnished to a third party; (3) without a permissible purpose. *See* 15 U.S.C. § 1681b(a); *see also Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869, 876 (W.D. Tex. 2016). Plaintiff's Amended Complaint states only that he gave Experian "clear written commands on how to furnish [his] consumer credit report to [himself] and entities." *See* ECF Doc. 16 at 3. It does not allege *any* specific consumer report that was furnished to *any* third party at *any* time for *any* purpose. That alone requires dismissal of Plaintiff's claims. *See Pierre*, 2020 WL 10228977, at *2 (stating "Plaintiff failed to state with any specificity how the elements of the FCRA are met" where she did "not identify to whom her consumer reports were furnished in violation of the FCRA, nor d[id] she set forth facts that plausibly demonstrate that Defendant furnished them without authorization as set forth in the FCRA").

Aside from not pleading essential facts, Plaintiff's basis for his § 1681b(a) claim is premised on a misinterpretation of the FCRA. The few facts contained in Plaintiff's Amended Complaint do not allege that Experian furnished Plaintiff's consumer report without permissible purpose. Rather, Plaintiff alleges that Experian did not follow his "clear written instruction." Under § 1681b(a)(2)—the provision upon which Plaintiff relies—a CRA may furnish a consumer report "[i]n accordance with the written instructions of the consumer to whom it relates." Plaintiff fails to acknowledge, however, that consumer consent is one of several permissible purposes under § 1681b. *See, e.g.*, *Hinton*, 654 F. Supp. 2d at 449 ("[T]he plain language of § 1681b makes clear that consumer consent simply is not a prerequisite to release of a consumer report to a third

8

party."); *Bentley v. Greensky Trade Credit, LLC*, 156 F. Supp. 3d 274, 296 (D. Conn. 2015); *DeBose*, 2021 WL 3516655, at *2 ("[P]laintiff fails to acknowledge that there are several other circumstances under which the defendant may lawfully disclose a consumer report absent such instructions from the plaintiff."); *Pierre*, 2020 WL 10228977, at *2 ("[Section 1681b(a)(2)] is not the only circumstance under which a CRA can furnish consumer reports."); *Mathews v. Verizon Commc'ns Inc.*, 2020 WL 5201407, at *8 (D.N.J. Sept. 1, 2020) ("The statute is written in the disjunctive and does not require written authorization under all circumstances, rather, written authorization is one permissible circumstance for accessing an individual's credit report.").

Plaintiff's narrow reading of § 1681b(a) cannot support his claim. Section 1681b(a) enumerates five additional circumstances where a CRA may furnish a consumer report *without* consumer consent. *See, e.g.*, 15 U.S.C. §§ 1681b(a)(1), (a)(3)-(a)(6). Moreover, § 1681b(b) authorizes a CRA to furnish a consumer report to certain persons for employment purposes, and § 1681b(c) sets forth additional "circumstances in which consumer initiation or consent is not required." *Hinton*, 654 F. Supp. 2d at 449 (citing § 1681b(c)(1)(B)(i)-(iii)). Plaintiff's Amended Complaint neither cites to nor acknowledges these additional permissible purposes, instead relying solely on "written instructions" under § 1681b(a)(2). As both the text of the FCRA and case law make clear, furnishing a credit report without consumer consent is not a violation of the FCRA, and it is certainly not an infringement on the consumer's "right to privacy."

Other federal courts have rejected identical § 1681b(a) claims as the one Plaintiff brings here. For example, in *Pierre*, the Northern District of Georgia dismissed a *pro se* plaintiff's pleading where exhibits attached to her complaint averred that a CRA "violated her right to privacy by including the bankruptcy information on her consumer reports . . . [and] provided consumer reports to third parties even though Plaintiff never gave written permission for this information to

9

be furnished." 2020 WL 10228977, at *2 (citations omitted). The court reasoned that "[e]ven if those allegations were set forth in her Complaint, they would be insufficient to state a claim under the FCRA." *Id.* The court stated that consumer permission was not required, and more importantly, "Plaintiff failed to state with any specificity how the elements of the FCRA are met, including any facts to show that Defendant furnished inaccurate information about her, that it failed to reinvestigate inaccurate or incomplete information about her, or that it provided Plaintiff's consumer reports to third parties without authorization provided by the FCRA." *Id.*

More recently, in *DeBose*, a United States Magistrate Judge in the Middle District of Florida recommended dismissal of a plaintiff's complaint that alleged Experian "breached his right to privacy by sharing Plaintiff information without Plaintiff written consent" as "baseless allegations of FCRA violations and incoherent ramblings." 2021 WL 3516655, at *1-2 (cleaned up). Specifically, the Magistrate Judge said that "the plaintiff's bald assertion that the defendant wrongly disclosed his consumer report because the defendant did not have written instructions from the plaintiff to do so does not state a violation of the FCRA." *Id.* at *2. In adopting the Magistrate Judge's report and recommendation and dismissing *pro se* plaintiff's amended complaint, the court said that "[a]lthough [plaintiff] attempts to allege a cause of action under the Fair Credit Reporting Act (FCRA), his complaint is riddled with conclusory statements devoid of underlying facts or statements connecting the allegations to the relevant statutory provisions." *DeBose*, 2021 WL 3510816, at *1.

Based on these analogous cases and the plain language of § 1681b, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's sole support for his § 1681b claim is his allegation that Experian failed to follow his "clear written commands on how to furnish [his] consumer credit report." Even assuming that Experian did furnish Plaintiff's consumer credit

10

127324307

report to a third party without or contrary to his written consent—which Plaintiff has not alleged—the statute provides numerous other permissible purposes that would allow Experian to do so. Because Plaintiff's Amended Complaint provides no additional facts, let alone enough to "nudge[ his] claims across the line from conceivable to plausible," to support his § 1681b claim, it must be dismissed. *Twombly*, 550 U.S. at 570.

Plaintiff's § 1681e claim likewise fails. Plaintiff's § 1681e(a) claim is predicated on a § 1681b violation, and it must be dismissed as well. *See Harris v. Database Mgmt. & Mktg., Inc.*, 609 F. Supp. 2d 509, 517 (D. Md. 2009) ("[A] plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b.") (citation omitted).

Similarly, although not explicitly cited, to the extent that Plaintiff attempts to assert a § 1681e(b) claim through his reference to "false specified items and addresses" on his consumer credit report, his allegations fall woefully short of stating a claim. "To make out a violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Dalton v. Cap. Assoc. Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (citation omitted). Plaintiff does not even allege that a credit report was prepared, much less one with inaccurate information. In fact, Plaintiff's Amended Complaint and attached documents make clear that he is not disputing the accuracy of the items in his credit file, just that they appear on his credit report. *Compare* ECF Doc. 16 at 3 ("At no point in the written instruction to [Experian] by the Plaintiff is the use of the term 'dispute.'"); Ex. B (stating Experian "reword[ed his] demand as a dispute"), *with id.* at Ex. B ("Experian was given clear written instruction to remove several previous addresses form (sic) my credit report and file as I found them to be an infringement on my right to privacy."). If anything, Plaintiff's pleading shows that

11

Experian complied with the FCRA and followed reasonable procedures to assure maximum possible accuracy of the items on Plaintiff's credit report by investigating the items he demanded be removed, updating his credit report in response to that investigation, and providing him with the results. *See id.* at 2-3, Exs. A, C. For all of these reasons, Plaintiff's Amended Complaint has failed to state a claim and should be dismissed.

      B.      <u>Plaintiff's remaining allegations do not amount to a cognizable claim.</u>

Plaintiff's remaining allegations do not set forth a cause of action under the FCRA or any other law.

Plaintiff's Amended Complaint alleges violations of three other provisions of the FCRA, none of which can serve as the basis for a substantive claim. First, Plaintiff cites to § 1681(a)(4)—the "Congressional Findings and Statement of Purpose" section of the FCRA—which provides that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." While this provision represents that one of Congress's purposes behind the FCRA was to insure respect for a consumer's right to privacy, "this language is merely precatory" and "Plaintiff cannot found a claim on this provision of the FCRA." *See Jianqing Wu v. Trans Union*, 2006 WL 4729755, at *12 (D. Md. May 2, 2006). Similarly, Plaintiff cites to definitional sections of the FCRA (15 U.S.C. § 1681a(r)(5)) and Equal Credit Opportunity Act (15 U.S.C. § 1691a(e)), neither of which provide actionable claims. *See Crisafulli v. Amertias Life Ins. Corp.*, 2015 WL 1969176, at *6 (D.N.J. Apr. 30, 2015) (stating § 1681a "does nothing to create a private right of action"). Finally, Plaintiff cites the FCRA's damages provision for "willful" violations, § 1681n, another non-substantive provision that fails along with Plaintiff's substantive claims. *See Martin v. Covergent Outsourcing, Inc.*, 2014 WL 866499, at *5 (M.D. Pa. Mar. 5, 2014) ("[Section] 1681n

and § 1681o are merely remedy provisions of the FCRA and are not substantive provisions."); *see also Huffman v. Experian Info. Sols., Inc.*, 2021 WL 1561304, at *11 (N.D. Cal. Apr. 14, 2021).

Finally, Plaintiff's Amended Complaint alleges a violation of 18 U.S.C. § 241—a statute for *criminal* conspiracy. In addition to not alleging who Experian purportedly conspired with, a necessary element of a conspiracy, § 241 is a criminal statute and does not provide a private right of action in a civil case. *See El-Bey v. Rogalski*, 2015 WL 1393580, at *3 (D. Md. Mar. 24, 2015) (holding § 241 is a criminal statute and "therefore provide[s] for no private right of action"); *see also Jackson v. Donovan*, 856 F. Supp. 2d 147, 149 (D.D.C. 2012) ("Plaintiff's claim of a criminal conspiracy fails because '18 U.S.C. § 241 is a criminal statute that provides no basis for an individual to bring a private, civil action.'") (citation omitted).

3. <u>The Court should dismiss Plaintiff's Amended Complaint with prejudice.</u>

Plaintiff should not be afforded a third pass at his complaint and put Experian to the exercise of continuing to respond to these baseless allegations. This Court has the discretion to dismiss complaints with or without prejudice under Rule 12(b)(6), however, "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim."[2] *Walker*, 2017 WL 4786625, at *3 (stating "dismissal of Mr. Walker's FCRA claims with prejudice [wa]s proper"); *see also Plumhoff*, 286 F. Supp. 3d at 704 (dismissing *pro se* complaint with prejudice where the complaint "generally lack[ed] any comprehensible factual basis"); *McCray*,

---

[2] *See also McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009) ("When a district court is confronted with a complaint that fails not because of some technical deficiency but because its claims lack legal merit, this complaint is properly dismissed for failure to state claim—that is, finally and prejudicially disposed of."), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020); *Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (stating the district court did not abuse its discretion in denying leave to amend, when "it is clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability").

127324307

2013 WL 1316341, at *6 (dismissing with prejudice where *pro se* "Plaintiff cannot plead any set of facts which could support her claims"). While the Court grants *pro se* litigants some deference, "*pro se* status will not shield litigants from a dismissal with prejudice." *See Scott v. White*, 126 F. Supp. 3d 665, 676 (E.D. Va. 2014).

Plaintiff's Amended Complaint includes everything in support of his claims. In addition to the allegations in his Amended Complaint, Plaintiff has attached seven exhibits and an "affidavit of truth" in support of his alleged grievances. Plaintiff's allegations **do not** and **cannot** amount to a cognizable claim against Experian. Any further amendment would be futile. *See Shurland v. Edwards*, 2019 WL 3646768, at *8 (E.D. Va. Aug. 6, 2019) ("Allowing [Plaintiff] to file an Amended Complaint where he so clearly cannot state a claim would be wasteful and unduly burdensome on the Defendants."). Accordingly, dismissal with prejudice is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant Experian respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

By: */s/ Mary C. Zinsner*

Mary Catherine Zinsner (D. Md Bar No. 11763)
TROUTMAN PEPPER HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 274-1932
Facsimile: (202) 274-2994
Email: mary.zinsner@troutman.com

*Counsel for Defendant Experian Information Solutions, Inc.*

127324307

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and sent a true and complete copy via regular mail and email, to *pro se* Plaintiff:

>Dominic Young
>10805 Westwood Drive
>Cheltenham, MD 20623
>Email: dominictyoung@yahoo.com

>By: */s/ Mary C. Zinsner*
>
>Mary Catherine Zinsner (D. Md Bar No. 11763)
>TROUTMAN PEPPER HAMILTON SANDERS LLP
>401 9th Street NW, Suite 1000
>Washington, DC 20004
>Telephone: (202) 274-1932
>Facsimile: (202) 274-2994
>Email: mary.zinsner@troutman.com
>
>*Counsel for Defendant Experian Information Solutions, Inc.*

127324307