**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

DOMINIC TERRENCE YOUNG,

     Plaintiff,

    v.

EXPERIAN INFORMATION SOLUTIONS,
INC.,

     Defendant.

Civil Action No. TDC-22-1057

## MEMORANDUM OPINION

Plaintiff Dominic Terrence Young, who is self-represented, has filed a civil action against Defendant Experian Information Solutions, Inc. ("Experian") in which he has alleged multiple federal causes of action, including violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x (2018), violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and a criminal conspiracy to violate federal rights, 18 U.S.C. § 241 (2018). Presently pending before the Court is Experian's Motion to Dismiss, which is fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

## BACKGROUND

On May 28, 2021, Young received a copy of his credit report, also known as a consumer report, as generated by Experian. Concerned about the inclusion in the report of certain information, Young sent a letter to Experian on June 15, 2021 in which he demanded that Experian remove two addresses from his consumer report on the grounds that including them violated his

privacy. Young also demanded the removal of payment history or other information relating to nine different credit accounts and all references to inquiries relating to his credit.

On July 13, 2021, Experian responded with a report highlighting certain entries that Young had identified in his letter and showing that the two addresses on Young's report had been updated, that an American Express account had been removed from Young's report, and that information associated with other accounts had been updated. On the same day, Young filed a complaint with the Consumer Financial Protection Bureau ("CFPB") to which he attached another letter to be sent to Experian demanding that various information be removed from his consumer report. Two days later, on July 15, 2021, Experian responded to Young's CFPB complaint by informing Young that it needed his authorization to proceed with a response.

On September 23, 2021, Young filed a civil action in the District Court of Maryland for Prince George's County, which Experian timely removed to this Court on April 29, 2022. Construed liberally, the presently operative Amended Complaint alleges the following causes of action relating to Experian's alleged noncompliance with Young's demands. First, Young alleges that Experian violated multiple subsections of the FCRA by (1) failing to furnish consumer reports that complied with Young's demands and limited consent, in violation of 15 U.S.C. § 1681b(a)(2), which lists the circumstances under which a consumer reporting agency may furnish consumer reports; (2) failing to maintain reasonable procedures to limit the furnishing of consumer reports to authorized purposes and to avoid inclusion of false or fraudulent information, in violation of 15 U.S.C. § 1681e; (3) violating his privacy by continuing to include two of Young's former addresses in his consumer report, in violation of 15 U.S.C. § 1681(a)(4); (4) including in Young's consumer report information to which Young did not consent, based on his assertion that he is the "creditor" under the definition applicable under the FCRA, in violation of 15 U.S.C. § 1681a(r)(5); and (5)

2

willfully failing to comply with his requests to remove information from his consumer report, in violation of 15 U.S.C. § 1681n.

Second, Young asserts violations of the FDCPA, specifically that (1) Experian made fraudulent and misleading representations about Young's consumer credit transactions, in violation of 15 U.S.C. § 1692e; and (2) Experian furnished false information to third parties relating to Young's location, in violation of 15 U.S.C. § 1692b(3), which bars debt collectors from communicating more than once with third parties in order to acquire information about a consumer's location.

Third, Young asserts that Experian engaged in a criminal conspiracy to violate federal rights, in violation of 18 U.S.C. § 241, based on Experian's publication of allegedly false claims about Young in his consumer report.

## DISCUSSION

In its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), Experian seeks dismissal of Young's Amended Complaint on the grounds that the allegations do not state plausible claims for relief under any of the identified statutory provisions.

### I.    Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson*

3

*Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

When considering a motion to dismiss under Rule 12(b)(6), the Court may consider the allegations in the operative complaint and any attached documents. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The Court may therefore consider Young's emails to Experian, Experian's response to Young, and the consumer complaint that Young filed with the CFPB.

## II.   FCRA

Young alleges violations of five different FCRA provisions, all generally based on Experian's failure to comply with his requests for the removal of specific information from his consumer report.

### A.   15 U.S.C. § 1681b(a)

Young first alleges a cause of action under 15 U.S.C. § 1681b(a)(2) because Young withheld permission for Experian to include in his consumer report certain addresses and information relating to certain credit accounts and inquiries. In asserting this claim, Young takes the position that § 1681b(a)(2) permits a consumer reporting agency such as Experian to furnish a consumer report only "[i]n accordance with the written instructions of the consumer to whom it relates," and that Experian therefore violated this provision when it failed to comply with his written demands that it remove certain information from the report. 15 U.S.C. § 1681b(a)(2). Young's argument, however, fails to consider the full language of 15 U.S.C. § 1681b(a), which states in relevant part:

4

Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

* * *

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

> (A)     intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

> (B)     intends to use the information for employment purposes; or

> (C)     intends to use the information in connection with the underwriting of insurance involving the consumer; or

> (D)     intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

> (E)     intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or

> (F)     otherwise has a legitimate business need for the information—
> (i) in connection with a business transaction that is initiated by the consumer; or
> (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. § 1681b(a).  Subsection (c) provides that under certain circumstances, a consumer reporting agency may furnish a report in connection with a credit or insurance transaction not initiated by the consumer.  15 U.S.C. § 1681b(c).

Although Young asserts that Experian violated 15 U.S.C. § 1681b(a)(2) because it did not comply with "the written instructions of the consumer to whom it relates," *id.*, as the plain language of 15 U.S.C. § 1681b(a) establishes, there are several other circumstances under which a consumer

5

reporting agency may furnish consumer reports to others. In the Amended Complaint, Young fails to allege, or provide a basis to conclude, that the furnishing of his consumer report did not comply with any of the other permitted circumstances identified in 15 U.S.C. § 1681b(a). Accordingly, he has failed to state a claim under 15 U.S.C. § 1681b(a).

      **B.**     **15 U.S.C. § 1681e**

In a related claim, Young alleges that Experian violated 15 U.S.C. § 1681e(a), which states, in relevant part:

> Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. . . . No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

15 U.S.C. § 1681e(a). In the Amended Complaint, Young asserts that Experian violated this provision by failing to maintain "reasonable procedures" in that it failed "to follow the compliance procedures in accordance with 15 U.S.C. § 1681b" based on "the willful ignoring of the Plaintiff's written commands" that it remove certain information from his consumer report. Am. Compl. ¶¶ 19–20, ECF No. 16. However, as discussed above, Young has failed to allege facts that would support the conclusion that Experian furnished his consumer report in violation of 15 U.S.C. § 1681b. *See supra* part II.A. Because the claim that Experian violated 15 U.S.C. § 1681e(a) effectively depends on Experian having furnished his consumer report to a third party in violation of 15 U.S.C. § 1681b, Young has failed to state a valid claim under § 1681e(a).

In discussing his claim under 15 U.S.C. § 1681e(a), Young also alleges that Experian engaged in the "continuous furnishing of the fraudulent facts." Am. Compl. ¶ 20. The Court construes this and other similar allegations about alleged fraud as underlying a claim under 15 U.S.C. § 1681e(b), which provides that "[w]henever a consumer reporting agency prepares a

6

consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). A consumer reporting agency violates this provision if "(1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). "A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse[]' effect." *Id.* (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)).

Here, although Young has generally stated in the Amended Complaint that the information in his consumer report was false and fraudulent, he has not stated specifically how any particular entry was false or fraudulent, and he has not asserted facts that would support the conclusion that the information was inaccurate. Rather, the Amended Complaint focuses on the alleged violation of his privacy, not the inaccuracy of the addresses or credit information, as the reason that Young seeks the removal of certain entries. *See, e.g.*, Am. Compl. ¶ 1 ("For the trespass by Experian is with the cause of harm, injury and damages to the Plaintiff's personal-life and business reputation with the denial of the Plaintiff's right to privacy by the reporting of previous locations and claim items."). Nowhere in the Amended Complaint does Young explain how, or provide evidence showing that, the specific information in his consumer report is inaccurate. Indeed, Young's earlier communications requesting removal of those items, attached to the Amended Complaint, alleged only that inclusion of certain information violated his right to privacy, not that the information was false or inaccurate. In the June 15, 2021 letter, Young stated, "It is an infringement on my right to privacy to display the following addresses and phone numbers on my consumer report and I demand their immediate removal." 6/15/2021 Letter at 1, Am. Compl. Ex.

7

A, ECF No. 16-1. In his CFPB complaint, Young stated, "Experian was given clear written instruction[s] to remove several previous addresses [from] my credit report and file as I found them to be an infringement on my right to privacy." CFPB Compl. at 2, Am. Compl. Ex. B, ECF No. 16-2.

Not only has Young failed to allege sufficient facts to show that his consumer report included inaccurate information, but he has also failed to plausibly allege a lack of reasonable procedures to ensure accuracy. If anything, Experian's response to his June 15, 2021 letter, attached to the Complaint, reflects that Experian construed his letter to be asserting disputes with certain entries, and that it apparently checked the entries, made updates, and removed at least one item as a result. *See* Experian Resp. at 1–3, Am. Compl. Ex. C, ECF No. 16-3. Where Young has not provided allegations that explain how these procedures were not reasonably calculated to maintain accuracy, the Court finds that he has failed to state a claim under 15 U.S.C. § 1681e(b).

## C.    Remaining FCRA Claims

The remaining FCRA claims, in which Young asserts violations of 15 U.S.C. § 1681(a)(4), 15 U.S.C. § 1681a(r)(5), and 15 U.S.C. § 1681n, fail because they are based on subsections of the FCRA that do not provide a basis for a cause of action. First, 15 U.S.C. § 1681(a)(4), which states that "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," falls within the part of the FCRA identifying "Congressional findings and statement of purpose" and thus does not provide a basis for a specific cause of action. *Id.*; *see* 15 U.S.C. 1681(a) ("The Congress makes the following findings: . . . ."). Similarly, 15 U.S.C. § 1681a(r)(5), which states only that "The terms 'credit' and 'creditor' have the same meanings as in section 1691a of this title," falls within the definitions section of the FCRA and also does not include a cause of action. *Id.*; *see* 15 U.S.C.

§ 1681a(a) ("Definitions and rules of construction set for in this section are applicable for the purposes of this subchapter."). Finally, 15 U.S.C. § 1681n, which states that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer," establishes that there is a private right of action under the FCRA and describes the potential penalties, but it does not itself support a cause of action absent facts showing a violation of some other specific requirement of the FCRA. *Id.* Because, as discussed above, Young has failed to state a plausible claim that Experian violated any of the specific requirements of the FCRA, his claim under § 1681n also fails. Accordingly, the claims under 15 U.S.C. § 1681(a)(4), 15 U.S.C. § 1681a(r)(5), and 15 U.S.C. § 1681n will be dismissed.

## III.   FDCPA

Young's FDCPA allegations fail to state a claim because the relevant provisions of the FDCPA apply only to debt collectors. *See* 15 U.S.C. § 1692b ("Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . ."); 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."). Young has not alleged that Experian is a debt collector within the statutory definition under the FDCPA, *see* 15 U.S.C. § 1692a(6), nor has Young alleged facts supporting the conclusion that Experian is a debt collector. Accordingly, Young's claims under the FDCPA will be dismissed.

## IV.   Criminal Conspiracy

Finally, Young alleges a claim that Experian has engaged in a criminal conspiracy to violate his federal rights, in violation of 18 U.S.C. § 241, by including in his consumer report information that Young demanded be removed. However, 18 U.S.C. § 241 is a criminal statute, and a private citizen lacks standing to initiate a prosecution under a criminal statute. *See Lopez v.*

*Robinson*, 914 F.2d 486, 494 (4th Cir. 1990).  Young's criminal conspiracy claim will therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Experian's Motion to Dismiss will be GRANTED.  A separate Order shall issue.

Date:  October 28, 2022

THEODORE D. CHUANG
United States District Judge

10